### THE NICHOLAS EX ALBEMARLE.

### THE GARD B. REYNOLDS.

(District Court, E. D. Virginia. January 30, 1920.)

#### No. 2465.

Towage ⬤⇒3—Tug not liable for delay in view of failure of steamer to repair rudder.

 A tug, which, in addition to two barges, contracted to tow a steamer, having no rudder, through Drummond Canal, to Norfolk, *held* not liable to the steamer for delay in making the trip, when the steamer's owner knew the conditions and promised to supply a temporary rudder, but did not, and the delay was in part caused by lack of it.

In Admiralty. Suit by Gerassimo Lykiardopulo, owner of the steamer Nicholas ex Albemarle, against the tug Gard B. Reynolds and others, to recover damages for breach of towing contract. Decree for respondents.

Libel to recover damages for breach of towing contract.

Baird & White, of Norfolk, Va., for libelant.

Hugh W. Davis and Hughes, Vandeventer & Eggleston, all of Norfolk, Va., for respondents.

WADDILL, District Judge. The libel in this case was filed to recover damages sustained by reason of loss of time taken to tow the steamer Albemarle from Elizabeth City, N. C., to Norfolk, Va.,

through the Lake Drummond Canal; the specific complaint being that the delay in question resulted in the loss of 9 days' time in the Albemarle's being placed on the ways of the shipyard on reaching Norfolk, where repairs were to be made to her, for which arrangements had been definitely made.

The libelant insists that the trip should have been made in 24 hours, which would have enabled him to reach Norfolk in time to fulfill the engagement with the shipyard, and thus avoid the loss of time that ensued, in consequence of losing her turn to go on the ways. Twenty-four hours is about the usual time to make the trip in question, under ordinary conditions; but in this instance 5 full days, of 24 hours each, and 6 hours additional, were actually consumed.

The Albemarle was without a rudder, and entered upon the voyage in tow of the respondent's tug Reynolds, with two heavily laden barges, and was made the rear vessel in the tow. The master and owner of the Albemarle was present and in charge of the vessel, and both he and the master of the tug knew she was without a rudder, though the master of the steamer agreed to provide a temporary or improvised one, which he failed to do, and he also knew that his vessel was to be the rear one in the tow. He also made known his desire to reach Norfolk within 24 hours, in order to go upon the railway, and was informed by the tug's master that in the circumstances no assurance could be given as to the time when the tow would be able to reach its destination; and he likewise knew that the Reynolds was being operated with a single crew, running only in the daytime, and tied up at night.

The case really turns upon whether there was any undue delay in making the trip. Undoubtedly the time taken was most unusual, extending from Saturday morning, at 11 o'clock, until Thursday night, at 6 o'clock, and the loss occasioned would usually be apportioned between the parties, and not fall entirely upon one. But in the view taken by the court, after a full consideration of the evidence, the tug exercised the diligence reasonably to be required under the circumstances, and the delay was due either to the running aground of the Albemarle at different places coming through the canal, or in the Southern branch of the Elizabeth river, caused by her failure to have a rudder to aid in steering her, and the inability of the tug to take her through the draw in the Southern branch of the Elizabeth river save at flood tide, likewise caused by her failure to have a rudder.

Tug owners are only required to exercise reasonable skill, care, and diligence in the management of tows, and should only attempt to handle such loads as they are reasonably equipped to haul, and ordinarily are responsible for the make-up of the tow. In this case the Albemarle's owner was cognizant of all the facts concerning the proposed towage. He knew that the barges had been contracted to be carried, and were already in the tow. He saw and had the chance of observing the size of the tug, and knew of the rudderless condition of his own vessel, and agreed to have her placed at the rear end of the tow. Therefore the tug should not be held responsible for delays of the

character involved, unless it was plainly guilty of some negligence in respect thereto, which the court cannot say existed in this case.

Upon the whole case, the court's judgment is that the libelant cannot recover, and the libel should be dismissed.